```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:02-00226-01

**JOSEPH SAMPSON**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On October 19, 2011, the United States of America appeared by R. Gregory McVey, Assistant United States Attorney, and the defendant, Joseph Sampson, appeared in person and by his counsel, David O. Schles, for a hearing on the petition on supervised release submitted by United States Probation Officer Troy A. Lanham, the defendant having commenced a four-year term of supervised release in this action on December 17, 2009, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on May 16, 2003.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) that the defendant used and possessed marijuana and cocaine every day throughout the months of May and June 2011, as evidenced by his admission to the probation officer; (2) that the defendant used and possessed marijuana and cocaine as evidenced by positive urine specimens submitted by him on March 5 and March 16, 2011, for marijuana, July 19, August 16, November 1, November 11 and November 17, 2011, for cocaine, and July 1, July 6 and July 11, 2011, for marijuana and cocaine; (3) that the defendant failed to follow the instructions of the probation officer in that he was instructed to remain in contact with the probation office and to attend all substance abuse treatment and testing appointments and did not do so inasmuch as the probation officer had no contact with her from August 4, 2011, until the filing of the petition on September 14, 2011, and he failed to appear for drug testing as directed; (4) that the defendant failed to appear as directed for substance abuse treatment appointments on July 19, August 11 and September 6, 2011; and (5) that the defendant failed to appear as directed for drug testing on July 7, August 2, October 14 and November 4, 2010, and January 17,

2

January 21, January 31, February 7, July 11, July 22, August 11, August 18, August 22 and August 25, 2011; all as admitted by the defendant on the record of the hearing and as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of forty-two months of supervised release upon the standard conditions of

supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he spend a period of SIX (6) MONTHS at Transitions, Inc. in Ashland, Kentucky, follow the rules and regulations of the facility and participate in drug abuse counseling and treatment to the maximum extent available at Transitions.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: October 21, 2011

John T. Copenhaver, Jr.
United States District Judge

4